# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONYA ANN WATIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-1205-HE |
| ) | |
| MS ALDRIDGE, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Tonya Ann Watie, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner is serving a life sentence for a 2014 criminal conviction entered in, and imposed by, the District Court of Adair County, Oklahoma, which lies in the territorial jurisdiction of the Eastern District of Oklahoma. Pet. (Doc. No. 1) at 1; 28 U.S.C. § 116(b). Petitioner, however, currently is confined at the Mabel Bassett Correctional Center ("MBCC") in McLoud, Oklahoma. Pet. at 1; Doc. No. 1-2. The city of McLoud is located in Pottawatomie County, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Eastern District of Oklahoma have jurisdiction over this matter. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

In her pleading, Petitioner seeks relief from her Adair County District Court criminal conviction due to: (1) the conviction being obtained by the prosecution's unconstitutional failure to disclose exculpatory evidence to the defense; (2) the denial of compulsory process to obtain witnesses favorable to the defense; (3) the prison sentence amounting to cruel and unusual punishment; and (4) Petitioner's mental incapacity precluding her from holding the required specific intent element of the charged offense. *See* Pet. at 2-3. Thus, Petitioner's habeas claims challenge her state-court trial proceedings in the Eastern District of Oklahoma rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See* Pet. 2-3.

It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted. And "if a hearing is required, trial counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and

noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 11, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

ENTERED this 21st day of December, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE