# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TONYA ANN WATIE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 16-117-RAW-KEW |
| **DEBBIE ALDRIDGE, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations and as unexhausted (Dkt. 17). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Mabel Bassett Correctional Center in McLoud, Oklahoma. She is attacking her conviction and sentence in Adair County District Court Case No. CF-2012-5 for First Degree Murder. She raises four grounds for relief:

> Ground I: Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.
>
> Ground II: Denial of compulsory process to obtain witnesses favorable to the defendant.
>
> Ground III: Sentence imposed is cruel and unusual punishment.
>
> Ground IV: Conviction was obtained as a result of a plea of guilty <or> "trial" while the defendant was mentally incompetent.

(Dkt. 1 at 2-3).

**Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's direct appeal of her conviction was denied by the Oklahoma Court of Criminal Appeals on June 2, 2014, in *Watie v. State*, No. F-2013-411 (Okla. Crim. App. June 2, 2014) (Dkt. 18-2). Her conviction, therefore, became final on August 31, 2014, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on September 1, 2014, and it expired on September 1, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (calculating one-year period as beginning to run the day after the judgment and sentence becomes final, using method set forth in *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This habeas corpus petition, filed on October 26, 2015, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly

2

filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner did not file an application for post-conviction relief, but on June 12, 2014, ten days after her conviction was affirmed, she filed in the trial court a pro se motion for suspended sentence, pursuant to Okla. Stat. tit. 22, § 994 (Dkt. 18-3).

The motion for suspended sentence alleged a suspended sentence would be appropriate in her case, because (1) the State's evidence failed to prove voluntary intoxication and did not represent her incapacity in forming the specific intent to kill; (2) the State abused its discretion in admitting gruesome and inflammatory photographs; (3) the prosecutor's arguments on voluntary intoxication did not state the applicable law, resulting in an unfair trial; and (4) the prosecutors failed to give sufficiently detailed instructions on the effect of a defense of voluntary intoxication, and the State deprived her of her right to the effective assistance of counsel. *Id.*

According to Respondent's motion to dismiss, the Adair County District Court had not ruled on the motion as of July 5, 2016 (Dkt. 18 at 3). In response to the Court's Order on February 1, 2017 (Dkt. 20), however, the Respondent advised that the motion for suspended sentence was denied on January 10, 2017 (Dkt. 21-2). Respondent asserts the motion for suspended sentence did not toll the statute of limitations, because it was filed under § 994, not under the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080.

In Oklahoma, a motion for suspended sentence under § 994 is permitted:

> After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten (10) days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order.

Okla. Stat. tit. 22, § 994.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Tenth Circuit has not addressed the issue of statutory tolling of the limitation period under Okla. Stat. tit. 22, § 994. The United States Supreme Court, however, has interpreted the phrase "collateral review" to include any "judicial review of a judgment in a proceeding that is not part of direct review," including motions to reduce sentence under state law. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011) (holding motion to reduce sentence under Rhode Island law was "collateral review" that tolled the one-year statute of limitations imposed by AEDPA).

Giving Petitioner the benefit of the doubt with regard to the issue of statutory tolling, the Court finds her state court motion seeking suspension of her sentence under Okla. Stat. tit. 22, § 994, tolled the running of the limitations period under 28 U.S.C. § 2244(d)(2). *See Najera v. Murphy*, 462 Fed. Appx. 827, 2012 WL 453649 (10th Cir. Feb. 14, 2012) (unpublished) (holding that "[b]ased on the Supreme Court's broad definition of collateral review, a motion for reduction of sentence under Wyoming law tolls the statute of limitations under § 2244(d)(2)). *See also Hackett v. Parker*, No. 11-CV-322-GKF-TLW, 2012 WL 1029545, at *4 (N.D. Okla. Mar. 26, 2012) (unpublished) (holding that "motion for suspended sentence filed under Okla. Stat. tit. 22, § 994, qualifies as a motion for 'collateral review' and serves to trigger tolling of the one-year limitations period."); *Clements v. Franklin*, No. CIV-12-247-W, 2012 WL 2344430, at *3 (W.D. Okla. May 8, 2012) (same).

Petitioner, therefore, is entitled to tolling of the limitations period for the time the motion for suspended sentence was pending from June 12, 2014, to January 10, 2017, or for 942 days. Petitioner's statutory year ended on September 1, 2015, while the motion for sentence reduction was pending, and the motion still was pending when this habeas petition was filed on October 26, 2015. Because Petitioner is entitled to the statutory tolling of 28

4

U.S.C. § 2244(d)(2), this habeas action is not barred by the statute of limitations.[1]

**Exhaustion of State Remedies**

Respondent also alleges this petition should be dismissed for Petitioner's failure to exhaust the state court remedies for her claims. The court must dismiss a state prisoner's habeas petition if she has not exhausted the available state court remedies as to her federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing she has exhausted her state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that Petitioner raised six grounds for relief in her direct appeal, but she did not seek post-conviction relief, with the exception of the motion for suspended sentence. The direct appeal claims were:

> A. The State's evidence was insufficient to prove all the essential elements of the crime of First Degree Malice Aforethought Murder. The evidence failed to prove that Appellant's voluntary intoxication did not render her incapable of forming the specific intent to kill. Therefore, she was convicted and sentenced in violation of her rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.
>
> B. Ms. Watie was denied her right to a fair trial because the prosecutor's

---

[1] Petitioner's motion for nunc pro tunc order and her motion to modify in conforming with other court findings and admissions, both filed on June 6, 2016, and denied on January 10, 2017 (Dkt. 21-2), did not toll the statute of limitations. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

arguments on voluntary intoxication did not state the applicable law.

C. Ms. Watie's right to a fair and reliable trial by jury was violated by the trial court's failure to give sufficiently detailed instructions on the effect of a defense of voluntary intoxication.

D. The trial court abused its discretion in admitting gruesome and inflammatory photographs in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

E. The prosecution's improper commentary on the concept of "beyond a reasonable doubt" deprived Ms. Watie of a fair trial in violation of her rights under the Fourteenth Amendment to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

F. Ms. Watie was deprived of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

(Dkt. 18-8).

In the section of the petition that asked whether any grounds for habeas relief were not previously presented in any other state or federal court, Petitioner clearly states the following: "Defendant has given and cited All New grounds of Proposition(s) Due to Her Not being legally competent in the Court of Law, please overlook Her ignorance which she solely depended on Her Attorney's Expertise." (Dkt. 1 at 3). Because Petitioner admits she is raising new claims in this action, the Court finds her habeas petition is unexhausted. Furthermore, to the extent Petitioner is asserting a claim of ineffective assistance of appellate counsel in her sixth habeas ground for relief, or that ineffective appellate counsel was the "cause" for her failure to exhaust the habeas claims, she also must exhaust that claim in the state courts.

The court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. §

2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss petition for writ of habeas corpus as for failure to exhaust state remedies (Dkt. 17) is GRANTED, and this action is DISMISSED in its entirety. Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 7th day of February 2017.

**Dated this 7th day of February, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma